**In re George Keith MARTIN, Debtor.**

**Bankruptcy No. 197–10962–13.**

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

Dec. 8, 1997.

**120**

Walter O'Cheskey, Lubbock, TX, for Chapter 13 Trustee.

William S. Parkinson, Office of U.S. Trustee, Dallas TX, Trustee.

## DISMISSAL WITH PREJUDICE AND RESTRICTIONS

JOHN C. AKARD, Bankruptcy Judge.

On December 2, 1997, after due notice, came on to be heard this court's Notice to Show Cause, in which the Debtor, George Keith Martin, was ordered to show cause why the captioned bankruptcy case should not be dismissed and other appropriate orders entered. The Debtor received a copy of that notice on November 13, 1997 as shown by a receipt from the United States Postal Service. Walter O'Cheskey, the Chapter 13 Trustee, appeared. No creditors appeared. The Debtor did not appear.

The evidence established that this was the third case filed by this Debtor. On December 17, 1996, he filed case number 196–10939–13 which was dismissed on January 15, 1997. On May 20, 1997, he filed case number 197–10460–13 which was dismissed on June 9, 1997. The captioned case was filed on October 31, 1997. On that date, the Clerk of this court issued to the Debtor a notice of deficiency stating that the petition had not been accompanied by (1) the Debtor's Chapter 13 plan or plan summary; (2) the Debtor's authorization for preconfirmation disbursements; and (3) Schedules C and H. The notice stated that if those items were not filed within 15 days, the petition would be subject to dismissal without further notice. Those items have not been filed. All three cases were filed by the Debtor *pro se.*

The petition failed to disclose the prior bankruptcy proceedings as required by the official bankruptcy forms. The letter which accompanied the petition stated that "I need to stop a foreclosure sale of my house." The Debtor requested that the Bankruptcy Clerk mail copies of the petition to an attorney and to a court in Florida in envelopes which he provided. The petition recited that he owned a home at 2210 Orange Valley Way, Palm Harbor, Florida 34683, which is legally described as:

Lot 92, Orange Pointe, Unit II, according to the plat thereof recorded in Plat Book 73, Page 35, Public Records of Pinellas County, Florida.

The Statement of Financial Affairs states that he occupied that property from January 1995 to June 1996. The only secured creditor listed was GE Capital Mortgage which holds a lien on the house. The only priority creditors listed were the tax collector of Pinellas County, Florida and a street lighting assessment district of Clearwater, Florida. The Debtor's occupation is given as a cytotechnologist with Clinical Pathology Associates, 1818 Pine Street, Suite 123, Abilene, Texas 79601. His monthly income is stated to be $2,294.52.

The court finds that the Debtor's repeated bankruptcy filings are an improper use of the Bankruptcy Court to frustrate the legitimate collection efforts of creditors, particularly creditors associated with the above-described

property. The court finds that it should issue an *in rem* order to protect the interests of the holders of liens on the above-described property so that any future bankruptcy filing by the Debtor or His Associates shall not result in an automatic stay under § 362 of the Bankruptcy Code. The only method of preventing action against the above-described property by the holders of liens thereon should be by specific pleading requesting an injunction (which pleading must be accompanied by a copy of this order), appropriate notice, hearing, and an appropriate bond. The term "His Associates" includes, but is not limited to, all relatives of the Debtor, Yvonne Jackson who is listed in the schedules as a dependent girlfriend, all relatives of Yvonne Jackson, and all partnerships, corporations or other entities in which the Debtor, any of his relatives, Ms. Jackson, or any of her relatives, own any interest whatsoever.

It is therefore ORDERED that:

1. This case is dismissed with prejudice to the Debtor filing any type of bankruptcy proceeding anywhere in the United States for a period of 180 days from the entry of this order. Any attempted filing within that time shall be null and void and shall not result in the imposition of the automatic stay with respect to any creditor.

2. Any future bankruptcy filing by this Debtor or by any of His Associates (as that term is defined above) shall not result in an automatic stay with respect to any creditor holding a lien on the above-described property. A stay of foreclosure of proceedings against the above-described property in any bankruptcy proceeding by the Debtor or any of His Associates can be achieved only by the issuance of an injunction by a court after a specific pleading requesting an injunction (which pleading must be accompanied by a copy of this order), appropriate notice, hearing, and an appropriate bond.